**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARTHA SCHILKE, both individually and as a representative of all other persons similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>WACHOVIA MORTGAGE, FSB f/k/a World Savings Bank, FSB, and AMERICAN SECURITY INSURANCE, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 09-cv-1363<br>)<br>)   Judge Robert M. Dow, Jr.<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

On March 30, 2010, this Court issued a memorandum opinion and order ("Opinion") [51] dismissing Plaintiff's first amended class action complaint, and entered judgment for Defendants and against Plaintiff [52]. In the Opinion, the Court concluded that Plaintiff's claims against Defendant Wachovia were expressly preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq.*, and the implementing regulations promulgated by the Office of Thrift Supervision ("OTS"), 12 C.F.R. §§ 560.1 *et seq.* The Court further concluded that all of Plaintiff's claims against Defendant American Security Insurance Company ("ASI") – apart from her claim for injunctive relief under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS § 505/1, *et seq.* – were barred by the filed rate doctrine. The Court determined that Plaintiff's ICFA claim against ASI failed because Plaintiff was unable to establish the element of proximate causation. Plaintiff has filed a motion for leave to file a second amended complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and to vacate the judgment pursuant to Rule 60(b)(6) [54] and a motion to alter or amend the judgment

pursuant to Rule 59(e) [56].[1]  For the reasons set forth below, the Court grants Plaintiff's motion to alter or amend the judgment [56] and vacates the judgment entered on March 30, 2010 [52]. The Court denies Plaintiff's motion for leave to file a second amended complaint [54].

## I.    Background[2]

In March 2006, Plaintiff entered into a home mortgage agreement with World Savings Bank FSB, now known as Wachovia Mortgage FSB.  The mortgage agreement required Plaintiff to maintain hazard insurance for the mortgaged property.   The agreement provided that if Plaintiff failed to maintain hazard insurance, Wachovia could "do and pay for whatever it deems reasonable or appropriate to protect [its] rights in the Property," including "purchasing [the] insurance required."  Ex. 1 to [13] at ¶ 7.  The mortgage agreement further advised Plaintiff that insurance purchased by Wachovia "may cost more and provide less coverage than the insurance [Plaintiff] might purchase."  *Id.*   When Plaintiff failed to provide Wachovia with proof of insurance, Wachovia purchased insurance from ASI to cover Plaintiff's mortgaged property – a type of insurance transaction known as "lender-placed insurance" or "LPI."  Wachovia informed Plaintiff both prior to and upon purchasing the insurance that the premium on the LPI "may include compensation to the insurer and Wachovia Mortgage."  Ex. D to [31].

Plaintiff brought a putative class action against Wachovia and ASI invoking this Court's diversity jurisdiction.   Plaintiff's complaint alleged that the insurance premium that she was charged for the ASI policy included undisclosed fees, or so-called "kickbacks," paid to Wachovia for the placement, maintenance, and servicing of the insurance.  [1]  The complaint asserted claims against both Defendants for violations of the ICFA (Counts I and V), common

---

[1] The Court previously issued a minute order [74] granting Defendants' motions for leave to file sur-reply briefs [68, 70] in view of the numerous new arguments that Plaintiff raised in her reply briefs [64, 66].

[2] The factual and procedural history of this case is described in greater detail in the Court's March 30, 2010, Opinion [51].

law fraud (Counts II and VI), conversion (Counts III and VII), and unjust enrichment (Counts IV and VIII). Plaintiff filed a first amended complaint [13] that differed from her original complaint only in that it made technical corrections to Defendants' names.

Defendants filed separate motions to dismiss Plaintiff's complaint. [27, 29] The Court entered a memorandum opinion and order [51] granting both Defendants' motions to dismiss, and entered judgment [52] for Defendants and against Plaintiff. The Court ruled that the state and common law claims against Wachovia were preempted by federal regulations. The Court also ruled that the filed rate doctrine barred Plaintiff's claims against ASI for money damages and that Plaintiff had failed to allege proximate cause to support her claim for injunctive relief against ASI under the ICFA. Plaintiff now asks the Court to reconsider its judgment and permit Plaintiff to file an amended complaint.

## II.     Legal Standard

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Murray v. GMAC Mortgage Corp.*, 2005 WL 3088435, *1 (N.D. Ill. Nov. 15, 2005) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)); see also *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, 2005 WL 289967, *1 (N.D. Ill. Feb. 4, 2005). Thus, a motion to reconsider is appropriate where "a court has patently misunderstood a party, made a decision outside the adversarial issues presented, [or] made an error not of reasoning but of apprehension * * *." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A motion to reconsider also may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* at 1191. However, because judicial opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"

(*Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)), "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling" (*Zurich Capital Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)).

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." However, it is appropriate to deny a motion for leave to amend when an amendment would be futile because it could not withstand a motion to dismiss. See, *e.g.*, *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). The Seventh Circuit teaches that leave to amend should be given unless the party has engaged in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, *etc.*" *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits. See *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (holding that "an amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss" (citations omitted)).

III. **Analysis**

Plaintiff has filed a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) [54] and a motion to vacate the judgment pursuant to Rule 60(b) and file an amended complaint pursuant to Rule 15(a)(2), along with a proposed second amended complaint [56]. Defendants suggest in their responses and sur-reply briefs that the Court lacks

jurisdiction to entertain Plaintiff's motion for leave to file an amended complaint simultaneous with the motions for reconsideration. Therefore, the Court first addresses the procedural and jurisdictional aspects of Plaintiff's motions before turning to the merits.

Generally, a court's dismissal of a complaint does not terminate the litigation. See *Paganis v. Blonstein*, 3 F.3d 1067, 1070 (7th Cir. 1993). By contrast, a court's "dismissal of the entire action ends the litigation and forces the plaintiff to choose between appealing the judgment or moving to reopen the judgment and amend the complaint pursuant to Fed. R. Civ. P. 59 or Rule 60." *Id.* (citations omitted). When a district court simultaneously issues a final judgment with its order dismissing a complaint, the court leaves the plaintiff "with little recourse but to file a motion under Rules 59(e) and 60(b)." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Indeed, "[o]nce final judgment has been entered in a case, 'the district court lacks jurisdiction to entertain a motion for leave to amend the complaint *unless* the plaintiff also moves for relief from the judgment.'" *Id.* (quoting *Camp v. Gregory*, 67 F3.d 1286, 1289-90 (7th Cir. 1995) (emphasis added)). By contrast, when a plaintiff simultaneously files a motion to reconsider and a motion for leave to amend – as happened here – jurisdiction is conferred on the district court to review the motion for leave to amend. *Paganis*, 3 F.3d at1073 (citing cases).

When a party files simultaneous motions for reconsideration and for leave to amend the complaint, the district court generally must examine the merits of the motion to amend *before* it decides whether or not to grant the plaintiff's Rule 59(e) or 60(b) motion. *Paganis*, F.3d at 1073 n.7. Only in exceptional cases should the district court not consider the merits of the motion to amend before deciding the motion for reconsideration. *Id.*; see also *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir. 1996) (holding that a district court may disregard the merits of the motion to amend when it will not affect the court's decision with respect to the motion for

reconsideration because the latter is "doomed to denial"). Upon reviewing the merits of the motion to amend, the court may deny both the motion to amend and the motion for reconsideration, or it may grant the motion to amend, in which case it must grant the Rule 59(e) or 60 motion "because a plaintiff may not amend unless the judgment is set aside or vacated." *Paganis*, 3 F.3d at 1073 n. 7 & n.8; see also *Helm*, 84 F.3d at 879.

As set forth in greater detail below, Plaintiff's motions for reconsideration under Rules 59(e) and 60(b) are not inevitably "doomed to denial," but instead plausibly allege manifest errors of law in the Court's Opinion. See *Helm*, 84 F.3d at 879. The exceptions to the general rule set forth in *Paganis* therefore do not apply, and the Court follows the general rule calling for a review on the merits of the proposed amended complaint before deciding the motions for leave to amend and leave to reconsider. See *Paganis*, 3 F.3d at 1073 n.7.

### A. Proposed Second Amended Complaint

Plaintiff's proposed second amended complaint [see Ex. A to 54] asserts new claims against both Wachovia and ASI for breach of contract (Counts V and X) and alleges new grounds in support of the previously dismissed ICFA claims. In addition, Plaintiff's reply brief in support of the motion to amend asserts several novel legal theories upon which she rests her claims against Defendants.

### 1. Plaintiff's Claims Against Wachovia

For the reasons set forth below, the Court finds that Plaintiff's proposed new claims and arguments concerning Wachovia would be futile and thus fail to provide grounds for granting leave to amend her complaint.

### a. ICFA Claim

In her first amended complaint, Plaintiff alleged that Wachovia violated the ICFA, a state statute, because it engaged in deceptive conduct when it purchased insurance from ASI that included "kickback" payments. The Court dismissed the claim on the ground that the ICFA claim was preempted by federal regulations promulgated by OTS under HOLA. The proposed second amended complaint expands Plaintiff's ICFA claim in that it alleges that Wachovia's purchase of the ASI insurance policy was both deceptive and unfair.

Whether Wachovia's conduct is characterized as "deceptive" or "unfair" (or both) does not alter the Court's determination that Plaintiff's claim against Wachovia under the ICFA is preempted by federal regulations. As explained in the prior opinion, Plaintiff's state law claims are preempted if allowing those claims to go forward would effectively regulate the lending activities expressly contemplated by 12 C.F.R. § 560.2(b). Section 560.2(b) provides that state laws purporting to impose requirements regarding certain types of activities (enumerated in subsections (1)-(13) of the provision) are preempted by OTS regulations pursuant to HOLA. 12 C.F.R. § 560.2(b). The ICFA claims against Wachovia in Plaintiff's proposed second amended complaint – even if based on conduct now described as "unfair" as well as "deceptive" – would affect Wachovia's "ability * * * to require or obtain private mortgage insurance" (§ 560.2(b)(2)); its imposition of loan-related fees (§ 560.2(b)(5)); and its disclosure of loan terms (§ 560.2(b)(9)).

As with the first amended complaint, the proposed second amended complaint directly implicates the types of activities that OTS has expressly stated are preempted under HOLA. Plaintiff's proposed amendment of the ICFA claim against Wachovia thus would be futile, and the Court sees no reason for allowing Plaintiff to amend the claim or for disturbing its dismissal of the ICFA claim against Wachovia.

### b. Breach of Contract Claim

The proposed second amended complaint also sets forth a new breach of contract claim, alleging that Wachovia breached the duty of good faith and fair dealing that is implicit in every contract. The mortgage agreement between Plaintiff and Wachovia provided that if Plaintiff failed to maintain hazard insurance, Wachovia could "do and pay for whatever it deems reasonable or appropriate to protect [its] rights in the Property," including "purchasing [the] insurance required." [See Ex. 1 to Cmplt. at ¶ 7.] Plaintiff argues that the contract provision vested Wachovia with discretion in the purchase of the required insurance, and that Wachovia failed to exercise its discretion in good faith when it purchased high-priced insurance that was unfavorable to Plaintiff. See *LaSalle Bank Nat'l Assoc v. Paramont Properties*, 588 F. Supp. 2d 840, 857 (N.D. Ill. 2008) (holding that "[t]o establish a breach of the duty of good faith and fair dealing, the complaining party must show that the contract vested the opposing party with discretion in performing an obligation under the contract and the opposing party exercised that discretion in bad faith, unreasonably, or in a manner inconsistent with the reasonable expectations of the parties") (citing *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443-45 (7th Cir. 1992)).

Under 12 C.F.R. § 560.2(c), certain state laws – including contract law – are exempt from the general rule of federal preemption under HOLA. However, the exemption is a qualified one. The regulation provides that state law actions are *not* preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations." 12 C.F.R. § 560.2(c). The question of whether a contract claim is or is not preempted under the regulations turns on the conduct at issue, not the label given to the putative cause of action. See *In re Ocwen*, 491 F.3d 638, 646 (7th Cir. 2007). The Seventh Circuit in *Ocwen* suggested that a breach of contract

claim that alleges an utter failure to honor the express terms of a mortgage loan contract – for example, by charging a homeowner a higher annual interest rate than that specified in the mortgage agreement – might not be preempted. See *Id.* at 643-44. However, if the conduct complained of in a breach of contract claim falls within the scope of federal authority concerning lending activities, it is preempted. *Id.*

Here, Plaintiff's proposed breach of contract claim does not allege an utter failure to honor the terms of the contract. The amended complaint – like the original and first amended complaints before it – does not point to any specific term of the contract that Wachovia allegedly breached. In fact, the contract specifically discloses (1) that Wachovia would purchase replacement insurance if Plaintiff failed to maintain insurance herself, (2) the amount that Plaintiff would be charged for that insurance, and (3) that the cost of the insurance would include compensation to Wachovia. Wachovia's conduct in purchasing the replacement insurance from ASI thus was entirely consistent with the contract.

Moreover, like the state law claims that the Court in its Opinion concluded were preempted, the proposed breach of contract claim would, in effect, impose requirements on Wachovia's "ability * * * to require or obtain private mortgage insurance," 12 C.F.R. § 560.2(b)(2), its imposition of loan-related fees (*id*. § 560.2(b)(5)), or its disclosure of loan terms (*id*. § 560.2(b)(9)). Because those activities are exclusively the subject of OTS regulations, Plaintiff's proposed breach of contract claim would be preempted, and thus would be futile.

### c.     New Legal Theories Set Forth in Plaintiff's Reply Brief

In her reply briefs, Plaintiff raises several new arguments and legal theories that she failed to raise in her first amended complaint, in response to Wachovia's motion to dismiss, in the instant motions, or in the proposed amended complaint. Although Plaintiff's briefs are far

from clear, she appears to contend that: (1) the Gramm-Leach-Bliley Act, 15 U.S.C. § 6701, and the McCarran-Ferguson Act, 15 U.S.C. § 1012(a), save Plaintiff's state law claims against Wachovia from preemption; and (2) a breach of fiduciary duty claim against Wachovia would not be preempted (although neither the first amended complaint nor the proposed second amended complaint sets forth such a claim, so the accuracy of that contention may be immaterial).

Assuming, without deciding, that the new theories that Plaintiff raises in her reply brief were not waived, the Court nevertheless finds them unpersuasive. First, neither the Gramm-Leach-Bliley Act nor the McCarran-Ferguson Act applies in this context. Both Acts apply to entities that engage in "[t]he business of insurance." See 15 U.S.C. § 6701; 15 U.S.C. § 1012(a). The former specifically applies to entities that "engage in the business of insurance * * * as a principal or agent." 15 U.S.C. § 6701. The latter encompasses "every person engaged in" "[t]he business of insurance." 15 U.S.C. § 1012(a). The purchasing of lender-placed insurance ("LPI") does not constitute engaging in "the business of insurance." See *Moore v. Fidelity Financial Servs.*, 884 F. Supp. 288, 291-92 (N.D. Ill. 1995); *Bermudez v. First of America Bank Champion, N.A.*, 860 F. Supp. 580, 589 (N.D. Ill. 1994), withdrawn pursuant to settlement, 886 F. Supp. 643 (N.D. Ill. 1995); see also 3 Couch on Insurance § 40.20 (3d ed. 2010) (explaining that a policy purchased by a mortgagee is legally separate from a policy purchased by the mortgagor). Wachovia was a purchaser of LPI, not a principal or an agent engaged in the business of insurance, as made clear by the facts alleged in Plaintiff's proposed complaint and attached documentation (*e.g.*, the mortgage contract, the letters sent by Wachovia to Plaintiff notifying Plaintiff of the purchase of the LPI, and the insurance policy itself).

Second, even if Wachovia were engaged in the business of insurance, neither Act would save Plaintiff's proposed state law claims. The general rule under the Gramm-Leach-Bliley Act is that state insurance laws concerning depository institutions are preempted. See 15 U.S.C. § 6701(d)(2)(A). Wachovia is a depository institution. Therefore, state insurance laws are preempted under the Act. *Id.* There are some exceptions to the Act's general rule of preemption. See 15 U.S.C. § 6701(d)(3). For example, depository institutions that engage in selling, soliciting, or cross-marketing insurance and persons that are not depository institutions *are* subject to state insurance laws. See 15 U.S.C. § 6701(d)(3)(B)-(C). However, neither of these exceptions applies to Wachovia.

And although the McCarran-Ferguson Act, if it applied, would resurrect the applicability of state law, the alleged conduct at issue here falls within the scope of Wachovia's rights under the Illinois Collateral Protection Act ("CPA"), 815 ILCS § 180/1 *et seq.* – a statute that Plaintiff has not addressed notwithstanding Wachovia's discussion of it in its initial motion to dismiss. The CPA establishes that an LPI transaction "does not impose a fiduciary relationship between the creditor and the debtor. Placement of collateral protection insurance is for the sole purpose of protecting the interest of the creditor when the debtor fails to insure collateral as required by the credit agreement." 815 ILCS § 180/45. As such, even if the McCarran-Ferguson Act saved Plaintiff's claims against Wachovia from federal preemption, applicable state law would preclude liability.

For the same reason, Plaintiff's claim that Wachovia is liable for breach of fiduciary duty – a claim that Plaintiff asserts for the first time in the reply brief in support of her motions and omitted from the proposed amendment itself – must fail. Because the CPA clearly provides that

Wachovia, as a purchaser of insurance, does not owe Plaintiff a duty as a fiduciary, Wachovia cannot be held liable for breaching such a duty. See 815 ILCS § 180/45.

In sum, the new allegations and claims in Plaintiff's proposed second amended complaint, considered on the merits, would be preempted by OTS regulations under HOLA. Furthermore, Plaintiff's new arguments in her reply briefs that the Gramm-Leach-Bliley and McCarran-Ferguson Acts except Plaintiff's claims from preemption are unpersuasive. Neither Act saves Plaintiff's state law claims against Wachovia from preemption. Considering the proposed arguments and allegations on the merits, the Court thus finds that Plaintiff's proposed state and common law claims are futile and do not provide grounds for granting Plaintiff leave to amend or for reconsidering the Court's Opinion.

## 2. Plaintiff's Claims Against ASI

Plaintiff's proposed second amended complaint asserts a new breach of contract claim against ASI. Plaintiff alleges that she "was an intended third-party beneficiary to any contract between ASI and Wachovia, and hence ASI also breached its contract with Plaintiff by also engaging in bad faith." [Ex. A to 54 at ¶ 159] That allegation is nonsensical. More importantly, it reveals a number of fundamental flaws in Plaintiff's breach of contract claim. First, to the extent that Plaintiff's proposed claim is based on a contract between ASI and Wachovia, it must fail because Plaintiff identifies neither the pertinent contract nor the provision that she alleges was breached. Second, to the extent that the proposed claim is based on Plaintiff's insurance contract with ASI, Plaintiff does not identify any provision that was breached. Third, for the reasons stated in the Court's Opinion, any claim for damages – including the proposed breach of contract claim – is barred by the filed rate doctrine. See *Hill v. BellSouth Telecommunications,*

*Inc.*, 364 F.3d 1308, 1316 (11th Cir. 2004); *Bryan v. BellSouth Communications, Inc.*, 377 F.3d 424, 429 (4th Cir. 2004); *Arsberry v. Illinois*, 244 F.3d 558, 562 (7th Cir. 2001).

Plaintiff also argues for the first time in her reply brief that ASI can be held liable for colluding with Wachovia to commit a breach of fiduciary duty owed to Plaintiff. As noted above, Plaintiff's proposed second amended complaint does not assert a breach of fiduciary duty claim. Therefore, the relevance of Plaintiff's assertion is not clear. In any event, the argument does not provide a basis for reconsidering the dismissal of Plaintiff's claims because Plaintiff did not raise it in her motion for reconsideration. Finally, even if Plaintiff had raised the argument, it would fail because, as discussed above, under the CPA, Wachovia does not owe Plaintiff a fiduciary duty. See 815 ILCS § 180/45.

In sum, the Court finds that the new claims that Plaintiff asserts in the proposed second amended complaint would be futile and could not survive a motion to dismiss. The Court therefore denies Plaintiff's motion for leave to amend the complaint without prejudice. See *Foster*, 545 F.3d at 584 (quoting *Crestview Vill. Apartments v. United States HUD*, 383 F.3d 552, 558 (7th Cir. 2004)); see also *Airborne Beepers*, 499 F.3d at 666 (noting that leave to amend may be denied on the basis of, *inter alia*, "futility of amendment"). Additionally, because the Court has determined that the proposed claims and arguments are futile, the motion to amend and proposed amendment do not describe a manifest error of law in the Court's Opinion that would support reconsideration of that decision.

### B.     Motions to Alter, Amend, or Vacate the Judgment

Plaintiff's two pending motions – the Rule 60(b) motion to vacate the judgment [54] and the Rule 59(e) motion to alter or amend the judgment [56] – are identical in large part. Each requests that the Court vacate its Opinion and grant Plaintiff leave to file the proposed second

amended complaint. For the reasons discussed above, the proposed amendments to Plaintiff's complaint would be futile. To the extent that Plaintiff's motions for reconsideration are based on the new claims asserted in the proposed second amendment, the Court denies the motions. To the extent that the motions for reconsideration allege other grounds for altering, amending, or vacating the judgment, the Court considers the motions below.

Plaintiff argues in her motions for reconsideration that the Court erred in dismissing certain of her claims against Wachovia in light of new authority issued since the completion of briefing on Wachovia's motions to dismiss. In particular, Plaintiff points to *Deming v. First Franklin*, 2010 WL 891009 (W.D. Wash. Mar. 9, 2010), and *Cuomo v. Clearing House Ass'n, L.L. C.*, 129 S. Ct. 2710 (2009). The cases that Plaintiff cites do not aid her cause. First, neither case involved preemption under HOLA by OTS's implementing regulations. Rather, each was decided under the National Bank Act ("NBA"). Plaintiff fails to explain how the preemptive scope of the NBA is germane to this case. Second, even assuming, *arguendo*, that the scope of preemption under the NBA were relevant to that under HOLA, the *Cuomo* "opinion does not [even] address the NBA's preemptive scope." *Green v. Charter One Bank, N.A.*, 2010 WL 1031907, at *3 n.4 (N.D. Ill. Mar. 16, 2010). Third, the *Deming* decision is not binding on this Court, and, moreover, has since been vacated.[3] See *Deming v. First Franklin*, 2010 WL 2194830 (W.D. Wash. Apr. 23, 2010), appeal and stay granted, 2010 WL 2326170 (W.D. Wash. Jun. 7, 2010).

Plaintiff also contends that new authority – the Third Circuit's decision in *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753 (3rd Cir. 2009) – justifies granting Plaintiff relief from the

---

[3]  In *Deming*, the district court concluded upon reconsideration that the NBA and its implementing regulations preempted Plaintiff's Washington Consumer Protection Act claim but not his state common law claims for fraud, negligence, breach of contract, and injunctive relief. *Deming*, 2010 WL 2194830, at *3. The court subsequently certified for immediate appeal the question of whether the remaining state common law claims likewise are preempted. *Deming*, 2010 WL 2326170, at *1-*2.

operation of the judgment as it pertained to her claims against ASI. It does not. In *Alston*, the plaintiffs brought suit under the Real Estate Settlement Procedures Act of 1974 ("RESPA") alleging that the defendants had engaged in conduct that violated the statute's anti-kickback provision. 585 F.3d at 763-64. The Third Circuit concluded that the filed rate doctrine did not bar the plaintiffs' claim under the provision. *Id*. The court found that the plaintiffs "challenge only the commission of conduct proscribed by statute, such that the existence of a filed rate, or pecuniary harm, is irrelevant." *Id*. at 764. The court further noted that a finding that the filed rate doctrine barred the claims "would effectively [exclude] [private mortgage insurance] from the reach of RESPA, a result plainly unintended by Congress." *Id*. Here, Plaintiff is not suing under RESPA or any other federal law stemming from Congressional intent to circumvent the filed rate doctrine. Therefore, *Alston* does not demonstrate the type of intervening change in the controlling law that would justify granting Plaintiff relief from the operation of the judgment as to ASI.

Plaintiff also seeks reconsideration of the Court's dismissal of her claims against ASI on the ground that the Court committed a manifest error of law in concluding that her claims were barred by the filed rate doctrine. Under the Illinois Administrative Code, insurance rates must be filed with the Illinois Department of Insurance ("DOI"). The Court's Opinion dismissed Plaintiff's first amended complaint on the grounds that (1) ASI had filed the insurance premium rate at issue with the DOI, as it is legally required to do; (2) ASI was legally required to charge that filed rate; and (3) under Illinois' comprehensive insurance regulatory scheme, the State's Director of Insurance is empowered to investigate the use of unfair business methods. Given the state's comprehensive regulatory scheme for filing insurance rates, the Court held that all of Plaintiff's claims for money damages were barred by the filed rate doctrine.

Plaintiff now submits that the Court erred in its application of the filed rate doctrine for several reasons. First, Plaintiff contends that the filed rate doctrine does not apply here because the Illinois Director of Insurance does not have the power to set or disapprove the rates at issue. But, as explained in the Court's Opinion, whether the DOI has the authority to set property insurance rates is irrelevant so long as it has the power to disapprove such rates. See *Horwitz ex rel. Gilbert v. Bankers Life & Cas. Co.*, 745 N.E. 2d 591, 605 (Ill. App. Ct. 1st Dist. 2001) (the "distinction between 'the power to establish and fix rates and * * * the power to disapprove the rate'" is not relevant for purposes of the filed rate doctrine). And, although Plaintiff is correct that the power to disapprove rates is not listed among the general powers of the DOI (215 ILCS 5/401 (a)-(d)), other provisions of the Insurance Code empower the DOI to investigate, order the cessation of, and impose penalties for the use of any unfair or deceptive act or practice by those engaged in the business of insurance (215 ILCS §§ 5/423-5/427, 5/429, 5/431). Those provisions encompass and provide for DOI authority to disapprove rates, and thus are covered by the filed rate doctrine. Because the DOI has extensive regulatory power, any award of damages to Plaintiff – which in effect would require the Court to conclude that the filed rate was unreasonable – would interfere with the authority of the agency and thus would contravene the principle of nonjusticiability that underlies the filed rate doctrine.[4]

Second, Plaintiff contends that the filed rate doctrine cannot apply because ASI was not required to file the premium rates at issue for the "force placement of collateral protection insurance" with the DOI under the homeowner's insurance provider provision. See 50 Ill. Adm. Code § 754.10. In its motion to dismiss, ASI contended that it was required to file the premium

---

[4]  Plaintiff also submits that the Court in determining that DOI had authority to set or disapprove rates relied on state statutes pertaining to fire, marine, and inland marine rates (215 ILCS §§ 5/472.1, 5/488.2) that were repealed in 1998. The source and relevance of this submission is unclear, as the Court's Opinion never relied on the repealed statutes for this or any purpose.

rate charged with the DOI pursuant to § 754.10, which provides that all companies that write homeowner's insurance must file "[a]ll rates applied to the writing of [such] insurance." Plaintiff did not dispute the applicability of § 754.10's filing requirement at that time. The Court concluded that § 754.10 required ASI to file its rates. Now, for the first time, Plaintiff contends that ASI was *not* required to file the insurance premium rate at issue. Because Plaintiff could and should have raised this argument at the motion to dismiss stage, it is not an appropriate basis for a motion for reconsideration. However, even if Plaintiff had timely raised the argument, it would fail. Section 754.10 mandates rate filing for homeowner's insurance policy providers. This provision thus covers ASI, and, as discussed at length in its Opinion, the Court has concluded that ASI complied with the rate filing such that Plaintiff' claim is barred by the filed rate doctrine.[5]

Third, Plaintiff argues that the filed rate doctrine does not apply here because ASI failed to disclose the fees it paid to Wachovia as required by 215 ILCS 5/500-80. However, Plaintiff admits that § 5/500-80 prohibits kickbacks to "unlicensed insurance agents or brokers." Wachovia is not an unlicensed insurance agent or broker, but rather a savings institution that engaged in an LPI transaction. In any event, § 500-80(e) of the Insurance Code mandates the disclosure of commissions to consumers, not the filing of insurance rates with the State. Therefore, whether or not ASI complied with § 500-80(e) does not alter the filed rate doctrine analysis.

---

[5]  Plaintiff's alternative arguments – that ASI was required and failed to file rates as a commercial property or collateral protection insurance provider instead of as a provider of homeowner insurance – also fail. The policy that ASI provided Plaintiff was for residential, not commercial, property. And the statute explicitly states that mortgage protection insurance is not included in the definition of collateral protection insurance. 815 ILCS § 180/5. Read plainly, the relevant provisions required ASI to file rates as a homeowner's insurance provider. As discussed in the Court's Opinion, ASI complied with the applicable regulatory requirements, and the filed rate doctrine thus bars this Court's interference with the regulatory scheme.

Fourth, Plaintiff argues that the filed rate doctrine cannot apply because the payments to Wachovia were kickbacks, which, according to Plaintiff, are illegal under Illinois law. Although Plaintiff argued that kickbacks are illegal at the motion to dismiss stage, she did not do so in relation to the applicability of the filed rate doctrine. But even if Plaintiff is correct, that does not affect the applicability of the filed rate doctrine. The "[a]pplication of the filed rate doctrine in any particular case is not determined by the culpability of the defendant's conduct or the possibility of inequitable results." *Marcus v. AT & T Corp.,* 138 F.3d 46, 58 (2d Cir.1998).[6]

Fifth, Plaintiff argues that the Court misconstrued her ICFA claim and overlooked allegations that ASI engaged in unfair trade practices. Plaintiff's first amended complaint contained allegations of unfairness, which the Court interpreted as asserting that ASI acted unfairly by *not disclosing* to Plaintiff that a portion of the insurance premium went to Wachovia. The Court concluded that Plaintiff did not plausibly allege proximate cause because the fee that ASI paid to Wachovia *had* been disclosed to Plaintiff: she received a letter from Wachovia stating that the cost of the ASI policy "may include compensation to the Insurer and Wachovia Mortgage." In her proposed second amended complaint, Plaintiff expands the allegations of unfair conduct in support of her ICFA claim against ASI, and Plaintiff's motion for reconsideration makes clear that Plaintiff was alleging even in her first amended complaint that any payment of commissions or kickbacks from ASI to Wachovia constitutes an unfair trade practice under the ICFA, regardless of whether the payments to Wachovia were disclosed.

---

[6] In her reply briefs, Plaintiff argues that the "kickbacks" are not commissions but in fact "illegal rebates." Plaintiff cites a case defining "rebating" as when the insurer offers the insured a refund of the premium as an inducement to purchase the policy. See *Ins. Comm'r for the State. v. Engelman*, 692 A.2d 474, 480 (Md. 1997). But that is not what Plaintiff claims happened here, since Plaintiff, the insured, never received a refund from ASI. Whatever the intended significance of redefining the term "kickbacks" as "rebates," it is irrelevant to the Court's determination in its previous Opinion and here that ASI was obligated to and did comply with state regulations by disclosing its insurance rates with DOI, thus triggering application of the filed rate doctrine.

Although the filed rate doctrine bars Plaintiff's ICFA claim for money damages against ASI, Plaintiff may have a viable cause of action for injunctive relief. The Court therefore grants Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) [56] and vacates its prior judgment [52] based on a manifest error of law, thereby reinstating Plaintiff's claim for injunctive relief against ASI under the ICFA. See *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (holding that Rule 59(e) permits a court to alter or amend a judgment on the basis of a manifest error of law).

* * * * *

In a footnote in one of her reply briefs, Plaintiff requests that, in the event that the Court were to grant relief on the motion for leave to amend, she be permitted to withdraw the proposed second amended complaint and submit a third proposed amended complaint with additional counts. As stated above, Plaintiff's request for leave to file a second amended complaint is denied. Moreover, the Court declines to consider relief sought in a footnote in a reply brief. To the extent that Plaintiff believes that she can cure the deficiencies noted in this opinion (and the Court's prior Opinion), Plaintiff is given thirty days in which to file a motion for leave to file another proposed amended complaint. The Court cautions Plaintiff to bear in mind the Court's prior rulings in crafting any further proposed amendments to her complaint so as to avoid unnecessary motion practice. The Court also hastens to add that any additional requests for leave to amend in an effort to cure the same preemption and filed rate deficiencies that have been identified from the outset of this case will be scrutinized very closely. See, *e.g.*, *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007) (upholding denial of leave to amend and dismissal of claim with prejudice where the plaintiff "repeatedly failed to remedy the same deficiency").

Although the Court's grant of reconsideration on Plaintiff's claim seeking injunctive relief against ASI under the ICFA essentially reinstates that claim, the Court will stay the time for ASI's responsive pleading as to that claim in view of Plaintiff's suggestion that she may wish to seek leave to file another amended complaint. If Plaintiff has not filed a motion for leave to file another proposed amended complaint within thirty days of the date of this decision, ASI's responsive pleading will be due fourteen days thereafter. If Plaintiff does seek leave to file another amended complaint, the stay will remain in place until further court order. Finally, if no motion for leave to file another proposed amended complaint is timely filed – or if the proposed third amended complaint does not include any proposed claims against Defendant Wachovia – nothing in this opinion is meant to foreclose Wachovia from filing an appropriate motion for entry of judgment.

## IV.    Conclusion

For the reasons stated above, Plaintiff's motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and to vacate the judgment pursuant to Rule 60(b)(6) [54] is denied.   Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) [56] is granted.  The judgment entered on March 30, 2010 [52] is vacated and Plaintiff's claim for injunctive relief against ASI under the ICFA is reinstated.   Subject to the caveats stated above, to the extent that Plaintiff believes that she can cure the deficiencies noted in this opinion (and the Court's prior Opinion), Plaintiff is given thirty days in which to file a motion for leave to file another proposed amended complaint.   In view of the possibility that Plaintiff may seek leave to file another amended complaint, the time within which ASI must file a responsive pleading to the ICFA claim for injunctive relief is stayed.


Dated: December 14, 2010                    _____
                                            Robert M. Dow, Jr.
                                            United States District Judge